UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

11 CV 1006-A

| | | |
|---|---|---|
| LISA MCCONAGHY | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| ADMIN RECOVERY, LLC | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Lisa McConaghy ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Erie, and City of Williamsville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Admin Recovery, LLC ("Defendant") is an entity who at all

relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant began calling Plaintiff's telephone on or about June 15, 2011. When Plaintiff did not answer said calls, Defendant did not leave voicemail messages.

12. On or about June 24, 2011, Defendant called Plaintiff's telephone, and at such time, Plaintiff verified her contact information and explained to Defendant her lack of income until the end of the summer.

13. Defendant, via its agent and/or employee "Micah," called a third party,

Plaintiff's mother's neighbor, on June 29, 2011, and at such time, asked the third party for contact information for Plaintiff's mother so that Defendant could speak to Plaintiff's mother.

14. Plaintiff's mother's neighbor immediately got in touch with Plaintiff's mother to let her know about the call.

15. Defendant, via its agent and/or employee "Micah," called Plaintiff's brother, Philip Fusco, on or about June 29, 2011, and at such time, Defendant provided its identity to said third party without such information being expressly requested.

16. Subsequently, Defendant called Plaintiff's cellular telephone on June 29, 2011 at 2:58 P.M., and at such time, left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector.

17. Later, upon learning of Defendant's call to Plaintiff's mother's neighbor, Plaintiff called Defendant on June 29, 2011, and at such time, again verified her contact information and asked Defendant to stop calling third parties.

18. Defendant called Plaintiff's cellular telephone on June 30, 2011 at 4:37 P.M., and at such time, left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector.

19. Defendant sent Plaintiff written communication dated June 30, 2011, in which Defendant provided Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a).

20. This was the first time that Defendant provided to Plaintiff the disclosures required by 15 U.S.C. § 1692g(a).

21. Despite Plaintiff's request to cease contacting third parties, Defendant

called Plaintiff's brother, Philip Fusco, a second time on or about July 13, 2011.

22. During its conversation with Philip Fusco, Defendant again provided its identity to said third party without such information being expressly requested.

23. Defendant called Plaintiff's cellular telephone on July 13, 2011 at 1:08 P.M., and at such time, left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector.

24. Defendant called Plaintiff's cellular telephone on July 20, 2011 at 1:27 P.M., and at such time, left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector.

25. In Defendant's voicemail message of July 20, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

   a. "I do, however, need you to follow-up with me today."; and

   b. "Make sure you contact me immediately."

26. In Defendant's voicemail message of July 20, 2011, Defendant falsely represented or implied that nonpayment of Plaintiff's debt would result in the seizure of Plaintiff's property, when Defendant's agent and/or employee "Micah" stated, "I'm trying to contact you in regards to a scheduled property pick-up order."

27. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

28. The personal humiliation, embarrassment, mental anguish, and emotional distress that Plaintiff suffered as a result of Defendant's harassing and abusive efforts to

collect the outstanding debt alleged due constitute mental anguish more than mere worry, anxiety, vexation, inconvenience, or unpleasantness.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(1)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692b(1) by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, and (1) failing to state that he is confirming or correcting location information concerning the consumer; and (2) identifying his employer without being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(3)

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32.     Defendant violated 15 U.S.C. § 1692b(3) by communicating with a single third party more than once without being expressly requested to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(b)

33.     Plaintiff repeats and re-alleges each and every allegation contained above.

34.     Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of Plaintiff's alleged debt, other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in

   the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(4)

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. Defendant violated 15 U.S.C. § 1692e(4) by falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(4);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)

37. Plaintiff repeats and re-alleges each and every allegation contained above.

38. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692d(6)

39. Plaintiff repeats and re-alleges each and every allegation contained above.

40. Defendant violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose its identity in communications with Plaintiff in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692e(11)

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may

be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692g(a)

43. Plaintiff repeats and re-alleges each and every allegation contained above.

44. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the disclosures required by section 1692g(a) in its initial communication to Plaintiff or in writing within five days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45.   Plaintiff is entitled to and hereby demands a trial by jury.

This 21st day of November, 2011.

ATTORNEYS FOR PLAINTIFF
*Lisa McConaghy*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012